IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MALLARD IP LLC,<br><br>   Plaintiff,<br><br> v.<br><br>ADVANTECH CORPORATION,<br><br>   Defendant. | CIVIL ACTION NO. 1:22-cv-3959<br><br>**Jury Trial Demanded** |

**COMPLAINT FOR PATENT INFRINGEMENT**

 Plaintiff Mallard IP LLC ("Plaintiff") files this Complaint for Patent Infringement against Defendant, and states as follows:

**THE PARTIES**

 1. Plaintiff is a limited liability company organized and existing under the laws of the State of Texas, having its principal office at 3333 Preston Rd, Ste. 300 – 1064, Frisco, TX 75034.

 2. Defendant Advantech Corporation ("Defendant") is a corporation organized under the laws of the State of California. Defendant may be served with process through its registered agent, C T Corporation System, 208 So LaSalle St, Suite 814, Chicago, IL 60604.

**JURISDICTION AND VENUE**

 3. This Court has exclusive subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338(a) on the grounds that this action arises under the Patent Laws of the United States, 35 U.S.C. § 1 et seq., including, without limitation, 35 U.S.C. §§ 271, 281, 284, and 285.

4. This Court has personal jurisdiction over Defendant, consistent with due process. Defendant is registered to do business in this State. Defendant has a regular place of business in this State. Further, Defendant has minimum contacts with this State, and Defendant has purposefully availed itself of the privileges of conducting business in this State, including, on information and belief, through acts of infringement in this State and this judicial district.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1400(b) on the grounds that Defendant has a regular and established place of business in this judicial district and, on information and belief, has committed acts of infringement in this judicial district.

## FACTUAL BACKGROUND

**U.S. Patent No. 6,603,330**

6. Plaintiff is the owner by assignment of all right, title, and interest in and to United States Patent No. 6,603,330, entitled "Configuring Digital Functions in a Digital Configurable Macro Architecture" ("the '330 patent"), including the right to sue for all past, present, and future infringement, which assignment was duly recorded in the USPTO.

7. A true and correct copy of the '330 patent is attached hereto as Exhibit A. The '330 patent is incorporated herein by reference.

8. The application that became the '330 patent was filed on July 18, 2001.

9. The '330 patent issued on August 5, 2003, after a full and fair examination by the USPTO.

10. The '330 patent is valid and enforceable and directed to eligible subject matter.

11. The elements recited in the asserted claims of the '330 patent were not well-understood, routine, or conventional when the application that became the '330 patent was filed.

12. The claims of the '330 patent, including claim 25, are directed to technical solutions to technical problems involved in configuring programmable digital circuit blocks.

## COUNT I – INFRINGEMENT OF THE '330 PATENT

13. Plaintiff realleges and incorporates by reference the allegations set forth above, as if set forth verbatim herein.

14. On information and belief, Defendant has made, used, sold, offered for sale, and/or imported products and/or processes that practice one or more of the inventions claimed in the '330 patent.

15. Furthermore, on information and belief, Defendant has, without authority, imported into the United States, or offered to sell, sold, or used within the United States, during the term of the '330 patent, a product made by a process covered by the '330 patent.

16. For example, Defendant has infringed at least claim 25 of the '330 patent, either literally or under the doctrine of equivalents, in connection with, by way of non-limiting example, Defendant's DS-082, as detailed in the preliminary claim chart attached hereto as Exhibit B and incorporated herein by reference.

17. Defendant's infringing activities have been without authority or license under the '330 patent.

18. Plaintiff has been damaged by Defendant's infringement of the '330 patent, and Plaintiff is entitled to recover damages for Defendant's infringement, which damages cannot be less than a reasonable royalty.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues so triable.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court find in its favor and against Defendant, and that the Court grant Plaintiff the following relief:

3

A. Entry of judgment that Defendant has infringed one or more claims of the '330 patent,

B. Damages in an amount to be determined at trial for Defendant's infringement, which amount cannot be less than a reasonable royalty,

C. Pre-judgment and post-judgment interest on the damages assessed, and

D. That the Court declare this to be an exceptional case and award Plaintiff its reasonable attorneys' fees and expenses in accordance with 35 U.S.C. § 285, and

E. Such other and further relief, both at law and in equity, to which Plaintiff may be entitled and which the Court deems just and proper.

This 29th day of July, 2022.

/s/ *David R. Bennett*
David R. Bennett
Direction IP Law
P.O. Box 14184
Chicago, IL 60614-0184
(312) 291-1667
dbennett@directionip.com

Cortney S. Alexander
(pro hac vice application to be submitted)
 cortneyalexander@kentrisley.com
 Tel: (404) 855-3867
 Fax: (770) 462-3299
KENT & RISLEY LLC
5755 N Point Pkwy Ste 57
Alpharetta, GA 30022

Attorneys for Plaintiff